UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELADIO CRUZ | * | CIVIL ACTION NO. 14-2015 |
| VERSUS | * | SECTION F "1" |
| TRACY FULTON ET AL. | * | JUDGE MARTIN L. C. FELDMAN |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| ****************************************** | * | |

ORDER AND REASONS

Before the Court is the Motion to Quash Subpoena Duces Tecum filed by defendant Tracy Fulton (Rec. Doc. 87). For the following reasons, the motion is DENIED.

Background

This lawsuit arises out of the alleged battery of Eladio Cruz by New Orleans police officer Tracy Fulton on September 4, 2013, following a traffic stop. The trial is set for October 3, 2016. According to Fulton, the only issues remaining are whether he used excessive force and whether he committed a state law battery. *Fulton Memo. in Support*, Rec. Doc. 87-1, at 6.

On August, 18, 2016, the date by which all discovery was required to be completed, plaintiff Eladio Cruz (individually and on behalf of his minor child Melissa Cruz) served a subpoena duces tecum on AT&T seeking "All cellular phone records concerning usage of AT&T wireless phone number (504) 710-3154 for the date of September 4, 2013, including all calls, texts, SMS, etc. made and received, along with the time stamps for said communications." *Cruz Subpoena to AT&T*, Rec. Doc. 113-1. A letter dated September 14, 2016, from AT&T to the account holder indicates that AT&T has no objection and intends to comply with the subpoena

1

pending resolution of this motion. *Fulton Memo in Support, Ex. 2*, Rec. Doc. 87-4. Fulton submits that he did not receive notice of the subpoena until receipt of the AT&T letter. *Fulton Memo. in Support*, Rec. Doc. 87-1, at 3-4. However, Cruz has provided a copy of the email correspondence that purports to provide notice and a copy of the subpoena to Fulton's counsel of record at his e-mail address of record on August 18, 2016. *Cruz Memo. in Opp., Ex. A.*, Rec. Doc. 113-1.

Fulton argues the subpoena should be quashed because it was not served on the parties, because it is overbroad and does not seek relevant evidence, because it was untimely, and because it is beyond the geographical limits of Rule 45. *Fulton Memo. in Support*, Rec. Doc. 87-1, at 1. Fulton submits that a Rule 45 subpoena is subject to the limitations of Rule 26 and that a subpoena can only be used to obtain material that is relevant to a party's claim or defense. Id. at 4-5. The Court notes that the cases he cites confirm that Rule 45 subpoenas are subject to the discovery deadlines, but do not discuss the relevance standard of Rule 26. Fulton contends that the only issues remaining are whether he used excessive force and whether he committed battery. Id. at 6-7. The excessive force claim, he points out, requires a determination of whether Fulton's actions were objectively reasonable, not a consideration of his intent. Id. And, the battery claim will require a determination of whether there was "a harmful or offensive contact resulting from an act intended to cause the Plaintiff to suffer such contact, under circumstances in which the Defendant has no reason to think that the Plaintiff would consent to such a contact." Id. at 7. He argues that no phone record or communication could be relevant to these claims. Id.

Fulton also argues that the subpoena was untimely because it was served on the date of the discovery deadline with a return date that passed the date on which all discovery was

2

required to be complete. Id. Finally, he argues that the subpoena is beyond the geographical limits of Rule 45 because AT&T's principal place of business is in Dallas, Texas. Id. at 8.

Cruz counters that the subpoena was timely and as narrowly tailored as possible. *Cruz Memo. in Opp.*, Rec. Doc. 113, p. 4. The subpoena, he submits, seeks relevant information because Fulton claims that he called the New Orleans Police Department "command line" at the same time as Cruz and/or his daughter called 911, but eyewitnesses state that Fulton did not get on his phone until later. Id. at 2. The "command line" phone records are not time stamped, but the AT&T records they seek with the subpoena will indicate the time of his phone call. Id. at 4. Cruz submits that if the records confirm his suspicion that Fulton "fabricated" his claim about the timing of the phone call it would be "information that the jury would like to know." Id. at 2. Apparently, Cruz intends to use the records to impeach Fulton' testimony about the incident. He notes that he received discovery responses from Fulton on August 8, 2016, and that Fulton refused to turn over his cell phone records, or indeed, any records, by responding, simply, "No." Id. at 2. Cruz's counsel then determined that the cell phone that Fulton used on September 4, 2013, is registered in the name of Vyoone Lewis at an address that is not Fulton's home. Id. Counsel then promptly served the subpoena on AT&T. Id. Cruz argues that the subpoena is within the geographic boundaries of Rule 45 because AT&T is a national service provider with offices in New Orleans.

Finally, Cruz argues that Fulton has no standing to challenge the subpoena. Id. at 5. First, Cruz notes that the cell phone records are for an account in the name of Vyoone Lewis, not Fulton, and Fulton cannot object to the production of a third-party's phone records. Id. Second, Cruz argues that a party can only quash a third-party subpoena on the basis of a personal right or privilege, not on the basis of relevance. Id. at 5-6.

Cruz adds that Fulton failed to timely object to the subpoena since he received notice by email. Id. at 6. And further, Cruz notes, Fulton did not raise the issue in the pretrial order. Id.

## Law and Analysis

*1. Standard of Review*

Under Federal Rule of Civil Procedure 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3); see Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817–18 (5th Cir. 2004).

Typically, a subpoena is challenged by the party subpoenaed. Indeed, as Cruz points out, the Fifth Circuit has held that a party could not challenge a subpoena issued to a third party because they were not "in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed." Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979). Although Brown concerned a subpoena under 35 U.S.C. § 24, courts have come to the same conclusion for a Rule 45 subpoena. E.g., Campbell v. GECOS G.M.B.H., No. 6:12-CV-01251, 2012 WL 4483528, at *1 (W.D. La. Sept. 26, 2012) ("A party may not, however, challenge a subpoena directed to a third party on the grounds that the information sought is irrelevant or imposes an undue burden."); Frazier v. RadioShack Corp., No. CIV.A. 10-855-BAJ-CN, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds");

Weatherly v. State Farm Fire & Cas. Ins. Co., No. CIV.A. 07-4371-EEH-S, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents); 9A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2463.1 (3d ed.) ("Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.").

Nonetheless courts have also held that a party "has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." Bounds v. Capital Area Family Violence Intervention Ctr., Inc., 314 F.R.D. 214, 218–19 (M.D. La. 2016). Under Rule 26(c), the Court "may, for good cause," protect a party from "undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D). Fulton has not moved for a protective order here.

2. *Analysis*

Despite Fulton's contention to contrary, it appears that Cruz served Fulton with the subpoena on August 18, 2016, prior to serving AT&T on August 18. Accordingly, the subpoena is not defective for lack of notice to the parties. Further, any issues related to timeliness are Fulton's own fault. Cruz timely sent discovery requests to Fulton on July 8, 2016, requesting caller ID information and phone records. On August 8, 2016, Fulton answered merely, "No." This is not a proper response to a request for production of documents. The Rules require specific objections or compliance. The response left Cruz with no choice but to send a subpoena, which was bound to be untimely. The Court cannot encourage this type of conduct in discovery

by rewarding it. And the Court notes that Cruz moved with all due haste to address the matter, preparing and sending a subpoena by August 18, 2016.

Further, the Court concludes Fulton does not have standing to challenge the subpoena on the basis of relevance and overbreadth. A motion to quash is intended to protect the party subpoenaed. Fulton is not the party subpoenaed. And, Fulton has not raised a privacy or privilege issue with regards to the subpoenaed records. Moreover, the Court would not be inclined to issue a protective order to prevent the discovery of the phone records sought by Cruz. While not directly relevant to proving excessive force or battery, as Cruz points out, the materials may be relevant to Fulton's defense if they prove or disprove his version of the timing.

Similarly, the Court finds that the distance of compliance is an issue for AT&T to raise, not Fulton. As Cruz points out, AT&T regularly transacts business at its offices in New Orleans. And, moreover, AT&T appears willing to comply with the subpoena even if the distance was a possible basis to object.

## Conclusion

For the foregoing reasons, the Motion to Quash Subpoena Duces Tecum (Rec. Doc. 87) is DENIED. It is further ordered that oral argument, set for September 28, 2016, at 11:00 a.m. is cancelled.

New Orleans, Louisiana, this 28th day of September, 2016.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge