UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ELADIO CRUZ, INDIVIDUALLY AND                      CIVIL ACTION
ON BEHALF OF HIS MINOR CHILD,
MELISSA CRUZ
V.                                                 NO. 14-2015

TRACY FULTON                                       SECTION "F"


                          ORDER AND REASONS

    This proceeding is about one lawyer's bizarre attitude toward his professional obligations.

    Before the Court is a hearing for plaintiff's counsel to show cause on whether they should be held in contempt of court for violating 28 U.S.C. § 1927. For the following reasons, the Court finds plaintiff's counsel, Louis Koerner, in civil contempt of Court, in violation of 28 U.S.C. § 1927 and Rule 11 of Federal Rules of Civil Procedure, and orders him to pay all of the fees, costs, and expenses incurred by the defendant, Tracy Fulton, from September 3, 2014 up to September 28, 2016.

                              **Background**

    The weeks and days leading up to a trial are filled with the well-known Court-imposed scheduling deadlines. It is this Court's procedure to include all relevant trial-related submission dates in its pretrial conference minute entry. The pretrial conference for this case was held on September 15, 2016 at 1:45 p.m. In the Court's minute entry, the Court ordered that all motions in limine,

                                  1

witness lists, trial memoranda, voir dire, jury interrogatories, and jury charges must be filed with the Court not later than five working days before trial. Here, the trial was originally scheduled for October 3, 2016; therefore, the deadline for submitting these items to the Court was Friday, September 23, 2016 at 5:00 p.m. This minute entry also ordered that a tabbed bench book of exhibits be delivered to the Court's chambers five working days before trial. Thus, this bench book was due to chambers by 5:00 p.m. on Friday, September 23, 2016.

The record indicates that while the parties complied with some Court scheduling orders, they did not comply with the critical ones. The Court ordered that additional briefing on a jurisdictional issue be submitted five working days before trial. The Court, on September 26, 2016, issued an additional order requesting that all parties comply with all deadlines, or the case would be dismissed in light of the fact that the plaintiff's counsel had not filed a response to the Court's briefing order. Additionally, as of September 26, 2016, the Court had still yet to receive the tabbed copy of the bench book. Therefore, in the September 26, 2016 order, the Court again reiterated that all deadlines must be complied with by September 27, 2016 at 5:00 p.m. or the case would be dismissed from this Court.

The record indicates that by end of day September 27, 2016, the plaintiff filed a response to the Court's requested

2

jurisdictional briefing. Also by end of day September 27, 2016 a copy of the bench book was delivered to chambers but not to opposing counsel. Though the plaintiff's counsel eventually complied with the Court's multiple orders reiterating submission dates, it did not do so without the Court threat of sanctions.

During the week of September 26, 2016, which was the week before the scheduled trial date, counsel for the defendant, Mr. Hessler, made multiple calls to chambers inquiring about the status of the bench book. Eventually on the afternoon of September 27, 2016, the Court informed Mr. Hessler that a copy of the book had been delivered. However, during these calls Mr. Hessler shockingly informed the Court that he had not been provided a copy of the bench book. At one point Mr. Hessler even requested to come to chambers for an opportunity to inspect the bench book in person, as making a copy of it was not feasible. As of Wednesday, September 28, 2016, Mr. Hessler informed the Court that he still did not have a copy of the bench book; a mere two working days before trial.

Finally, the record indicates that a week before trial plaintiff's counsel filed a motion for the Court to appoint an interpreter. However, in a civil case an interpreter is not the responsibility of the Court to furnish. Louis Koerner's patent lack of professionalism and disregard of respect for defense counsel and the Court shed light on his wanton attitude. As of the

3

Wednesday before trial, plaintiff's counsel indicated to the Court that no interpreter had yet to be scheduled to assist in the trial.[1]

Louis Koerner, who the plaintiff brought on to the case when the plaintiff decided to make a federal claim, was added as lead counsel due to his supposed extensive experience practicing in federal court. However, even knowing about this October 3, 2016 trial date for months, and doing nothing to alert anyone, Mr. Koerner left for a tropical vacation the week before this trial was scheduled to begin. Mr. Koerner, and the other named counsel of record, claim that Mr. Koerner had very little technological access to email, make phone calls, file documents, and prepare the necessary files for trial. Nevertheless, Mr. Koerner chose to leave the country rather than honor the pre-trial and trial schedule, which he knew about when he took the case and did absolutely nothing to see that the schedule could perhaps be amended.

I.

28 U.S.C. § 1927 provides: Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

---

[1] When the Court denied the plaintiff's motion to appoint an interpreter, the Court did, however, offer to furnish the plaintiff with a list of interpreters this Court uses in criminal matters. This list was in fact provided to plaintiff's counsel, to no avail.

excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. To impose sanctions under § 1927, the attorney's actions must be both "unreasonable" and "vexatious," which "requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). At the least, "reckless disregard" informs this Court's decision.

II.

A. Louis Koerner, Jr.'s Response

Mr. Koerner cites his "far from eventful" trip to Dominica as the reasoning for failing to timely provide a bench book to this Court and to opposing counsel. He responds that he had the capacity to work on jury charges and jurisdictional responses while "working at kitchen tables in rain forests or coffee tables on the shore of the Atlantic." Such an excuse might be a tragic comment on his vacation, but even more enlightening about his bizarre disregard of Court orders.

Mr. Koerner seeks to shift his responsibility to Mr. Hessler and Mr. Lambert. He fails.

In an unsworn declaration under penalty of perjury of Anne Parr, Mr. Koerner's legal administrator, Ms. Parr misconstrues the Court's order regarding the bench book. In her statement, she says that on September 23, 2016, Adam Lambert emailed her stating that he "will start getting the exhibits together and Louis is going to

5

put the bench book together when he returns." She states she believed that this was consistent with a scheduling order dated March 3, 2016 which she claims states that "a bench book of tabbed exhibits delivered to the Court" was required. Ms. Parr quite obviously fails to acknowledge that the words following that phrase say that the bench book must be delivered "five working days" before trial, in bold print. Her testimony was evasive at best, and seemed scripted. The Court also ordered that all counsel work together to exchange exhibits.

Mr. Hessler even alerted the Court, seeking an opportunity to view a bench book, in chambers.[2]

Mr. Koerner must have known he would disregard the schedule even before he left for his trip.[3] As stated in a communication from his colleague, Mr. Lambert, on the day the bench book was due to the Court, he planned to get all the documents together but the book would not be prepared until Mr. Koerner returned from his vacation. Mr. Koerner was scheduled to return on September 29, 2016; this was nearly a week after the original deadline and one working day before trial was set to begin. Such careless disregard

---

[2] The parties had overwhelming notice of this duty as it was in the record as early as March 2016.
[3] On September 26, 2016, the Court ordered that all outstanding files must be submitted to the Court by September 27, 2016. A "failure to submit the requested briefing and to comply with all other scheduling orders of the Court will result in the case being dismissed, to be refiled in state court if plaintiffs choose to do so."
6

to timeliness is especially problematic when it occurs days before the trial is scheduled to commence. [4]

### B. Adam Lambert's Response

Mr. Lambert urges that he did not act with any maliciousness or recklessness because he was unaware of a problem with Mr. Hessler's book. He states that upon learning of a problem he sought to immediately remedy the issue; however, he points out, the Court's order continuing the trial "came down immediately after [he] discovered the error."

Mr. Lambert, who was the lead attorney on the case before it was brought into federal court, does not practice at the same law firm as either Mr. Koerner or Ms. Dazet. He was hampered by Mr. Koerner's insolence. Not by any misconduct on his part.[5]

### III.

Section 1927 requires that the conduct of the attorneys must be both "unreasonable" *and* "vexatious." This requires the Court to find that there was bad faith, improper motive, *or* reckless disregard of the duty owed to the Court. Edwards, 153 F.3d at 246; see also Baulch v. Johns, 70 F.3d 813, 817 (5th Cir. 1995).

---

[4] The Court also notes that not only was the bench book delivered two days late to the Court, but Mr. Koerner also submitted jurisdictional briefing days after the Court's due date.
[5] Ms. Dazet's ability to comply was similarly disabled by Mr. Koerner's professional misconduct. Both Mr. Lambert and Ms. Dazet were credible witnesses.

The question before the Court is whether Mr. Koerner's disregard of trial deadlines, which had been established for months, is "unreasonable and vexatious." The answer is "yes." Case law indicates that frivolous or excessive filings in court amounts to unreasonable and vexatious conduct, such that sanctions under 28 U.S.C. § 1927 for reasonable attorney fees are warranted. See Edwards, 153 F.3d at 246. Additionally, under Federal Rules of Civil Procedure Rule 11, sanctions can be imposed to deter repetition of an attorney's conduct. F{ED}. R. C{IV}. P. 11(c)(3)-(4).

Here, Mr. Koerner not only did not follow deadlines for submissions to the Court, which he knew about for months. His unprofessionalism went far beyond.

Accordingly, the Court finds that Louis Koerner's lack of preparedness for trial and blatant disregard of Court pre-trial scheduling orders as evidenced by Koerner's intentional failure to timely share trial related exhibits with opposing counsel and his last minute disruption of trial preparation amounts to a reckless disregard to comply with his duty owed to the Court, to his profession, and to opposing counsel. As such, the Court finds that Louis Koerner is in civil contempt of Court,[6] he has violated 28

---

[6] "The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings . . . . The moment the courts of the United States were called into existence . . ., they became possessed of this power." Ex parte Robinson, 86 U.S. (19 Wall) 505, 510 (1873) see

8

U.S.C. § 1927, and he has violated Rule 11 of the Federal Rules of Civil Procedure.

IT IS ORDERED that Louis Koerner shall pay all fees, costs, and expenses incurred by the defendant, Tracy Fulton, from the date this lawsuit was filed in federal court, September 3, 2014, to September 28, 2016, the date it was necessary to continue the pre-trial and trial dates. IT IS FURTHER ORDERED that this case is administratively closed, to be reopened upon a timely motion after proof of Mr. Koerner's compliance with this Court's order.

New Orleans, Louisiana, December 8, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

also Dolphin Plumbing Co. of Florida, Inc. v. Fin. Corp. of N. Am., 508 F.2d 1326, 1327 (5th Cir. 1975).