```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

ELADIO CRUZ, INDIVIDUALLY
AND ON BEHALF OF HIS MINOR
CHILD, MELISSA CRUZ                                CIVIL ACTION

V.                                                 NO. 14-2015

TRACY FULTON                                       SECTION "F"
```

ORDER AND REASONS

Before the Court is Louis Koerner's motion for a new trial on the sanctions the Court imposed in its Order and Reasons, dated December 8, 2016. For the following reasons, the motion is DENIED.

**Background**

This is a storied proceeding about one lawyer's bizarre antics toward the Court and his patent disregard of his professional obligations.[1]

Koerner was brought on as lead counsel for a civil rights suit in this Court based on his "experience" in the federal forum. Despite having knowledge of the October 3, 2016 trial date months ahead of time, Koerner arranged for, and took, a tropical vacation days before the commencement of trial. The record establishes that counsel failed to comply with critical deadlines the Court set for documents due before trial. Plaintiff's counsel failed to timely deliver a bench book to the Court and to the defendant's counsel.

---

[1] The Court hereby adopts its Order and Reasons dated December 8, 2016.

1

This failure, coupled with other untimely requests from plaintiff's counsel, caused the Court to issue an Order on September 28, 2016 continuing the case's trial date. As a result, the Court ordered a contempt hearing for a determination of whether Koerner and his co-counsel should be held in contempt of Court.

The Court held a contempt hearing on December 8, 2016. In its Order and Reasons the Court found Koerner in contempt of Court, in violation of 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure, and ordered him to pay all of the fees and costs that the defendant, Tracy Fulton, had incurred from September 3, 2014 until September 28, 2016.

Koerner now moves the Court to reconsider its sanctions imposed on December 8, 2016.

I.

Motions requesting reconsideration of court orders generally fall under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012); Waste Mgmt. of La., Inc. v. River Birch, Inc., No. 11-2405, 2012 WL 876717, at *1 (E.D. La. Mar. 14, 2012); Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand,

applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

## II.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an

3

"extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.[2]

### III.

The first, and most comic, argument Koerner urges is that the Court misinterprets its own deadlines. The Court's scheduling order, given to counsel months in advance of trial, instructed that a bench book of exhibits is to be delivered to the Court five working days before trial. A trial set to commence on Monday, October 3, 2016, would mean that the bench book would be due to the Court on Friday, September 23, 2016; that is, five working days before trial. Koerner ridiculously argues that the Court misapplies the meaning of "five working days" before trial; he argues that five working days before October 3, 2016 would be

---

[2] In his motion for a new trial, Louis Koerner failed to explicitly provide the legal standard for the Court to consider the motion. The Court takes the liberty of assuming Koerner specifically intended to move for a new trial under Rule 59(e), which is a motion to alter or amend a judgment.

4

Monday, September 26, 2016. Not only is such an argument wholly insincere, it is a distortion of common sense.[3]

Koerner seeks to invoke e-mails and documents, which he argues show that his co-counsel, Adam Lambert, was responsible for the bench book and trial preparations in Koerner's absence in the days before trial. Koerner had months to submit this material to the Court before his December 8, 2016 hearing date. In fact, he and his two co-counsel each submitted a memorandum to the Court before the contempt hearing. At no time did Koerner attempt to include the exhibits he now presents to the Court. The pattern of professional lapse continues. Instead, Koerner arrived the morning of his hearing and attempted to offer new documents, presumably the ones submitted with this current motion. The Court rejected his untimely offer of evidence because he had ample time to notify the Court of those documents in support of his position.[4]

IV.

Accordingly, Louis Koerner's motion for a new trial is DENIED. He stands in contempt of this Court.

---

[3] Remarkably, Mr. Koerner failed to even comply with his own self-serving interpretation of "five working days." The bench book was not delivered to the Court even by Mr. Koerner's September 26, 2016 tortured reasoning.

[4] The Court also rejects Koerner's attempt to use this motion as a means to retaliate against his co-counsel for a professional relationship that turned sour during the course of this lawsuit. Moreover, at an extensive hearing, the Court found that co-counsel were not in contempt of Court.

New Orleans, Louisiana, January 25, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE